IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CLYDE H. FRIEND,                     )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        CASE NO. 3:12-CV-331-TMH
                                     )
RUSSELL COUNTY SHERIFF DEPT., et al., )
                                     )
        Defendants.                  )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Clyde H. Friend ["Friend"], an inmate confined in

the Russell County Jail, challenges the conditions of confinement at the jail.  Friend alleges

these conditions have occurred from September 18, 2008 until the filing of this complaint

on April 6, 2012.[1]  Friend names the Russell County Sheriff Department, the Russell

County Jail, Sheriff Heath Taylor and Lt. Loetta Holland as defendants in this cause of

action.

Upon review of the complaint, the court concludes Friend's claims challenging

conditions to which he was subjected prior to April 6, 2010 and those claims against the

---

[1] Although the Clerk of this court stamped the complaint "received" on April 10, 2012, it is clear Friend presented the complaint to prison officials for mailing prior to this date.  A review of the pleadings indicates Friend executed the complaint on April 6, 2012.  *Complaint - Doc. No. 1* at 4.  The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Friend] signed it...." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, the court considers April 6, 2012 as the date of filing.

Russell County Sheriff Department and the Russell County Jail are due to be dismissed prior to service as required by the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II.  DISCUSSION

### A.  Challenge to Conditions Occurring on or before April 5, 2010

Friend challenges the constitutionality of conditions to which he was subjected from September 18, 2008 until April 5, 2010.  It is clear from the face of the complaint that any claims related to these conditions are barred by the statute of limitations applicable to a 42 U.S.C. § 1983  action filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Friend raises claims with respect to alleged unconstitutional conditions which occurred from September 18, 2008 until April 5, 2010.  By it express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Friend from application

---

[2] The court granted Friend leave to proceed *in forma pauperis*.  *Order of April 12, 2012 - Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

of the time bar.[3]  The limitation period ran uninterrupted and expired for such claims, at the latest, on April 5, 2012.  Friend filed the instant complaint on April 6, 2012.  This filing occurred **_after_** the applicable period of limitation expired on those claims related to actions occurring on or before April 5, 2010.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*."  *Id*.

An early determination of the merits of an IFP proceeding provides a

---

[3]This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...."  *Ala. Code* § 6-2-8(a).  The complaint demonstrates Friend was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

> significant benefit to courts (because it will allow them to use their scarce
> resources effectively and efficiently), to state officials (because it will free
> them from the burdens of frivolous and harassing litigation), and to prisoners
> (because courts will have the time, energy and inclination to give meritorious
> claims the attention they need and deserve).  "We must take advantage of
> every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179,
> 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Friend has no legal basis on which to proceed with respect to claims regarding conditions present from September 18, 2008 until April 5, 2010 as he filed this cause of action after expiration of the two-year period of limitation.  As previously determined, the statutory tolling provision is unavailing.  Consequently, the two-year period of limitation expired on the above described claims prior to Friend filing this complaint.  In light of the foregoing, the court concludes Friend's claims arising from conditions present from September 18, 2008 until April 5, 2010 are barred by the applicable statute of limitation and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4]

**B.  Russell County Sheriff Department and Russell County Jail**

Neither a county sheriff's department nor a county jail is a legal entity subject to suit

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

4

or liability under section 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes Friend's claims against the Russell County Sheriff Department and the Russell County Jail are due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Those claims challenging conditions present at the Russell County Jail from September 18, 2008 until April 5, 2010 be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

2.  The plaintiff's claims against the Russell County Sheriff Department and the Russell County Jail be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3.  The Russell County Sheriff Department and the Russell County Jail be DISMISSED as defendants to this cause of action.

4.  This case, with respect to the plaintiff's claims against defendants Taylor and Holland challenging conditions of the Russell County Jail since April 6, 2010, be referred back to the undersigned for further proceedings.

It is further

ORDERED that **on or before May 10, 2012**, the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of April, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE


6